## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOVAN E. DANOVE | CIVIL ACTION |
| VERSUS | NO: 11-3173 |
| RAUL DAVILA, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY AS SUPERVISOR, AND MIKEN SPECIALTIES, LTD. F/K/A BROCK SERVICES, LTD., AND ITS INSURER ABC INSURANCE COMPANY | SECTION: "S" (1) |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Miken Specialties, Ltd.'s Motion to Dismiss or, in the Alternative, to Stay Action Pending Arbitration, and Motion to Compel Arbitration (Doc. #11) is **DENIED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's April 24, 2012, Order Denying Plaintiff's Motion for Leave to File Her First Supplement and Amending Complaint (Doc. #21) is **AFFIRMED.**

### BACKGROUND

This matter is before the court on a motion to dismiss, or alternatively, to stay the action pending arbitration and to compel arbitration filed by defendant, Miken Specialties, Ltd., and on plaintiff's appeal of the magistrate judge's April 24, 2012, order denying her motion for leave to file her first supplemental and amending complaint.

In January 2011, Miken hired plaintiff, Jovan E. Danove, who has an eleventh-grade education, as a laborer. On December 29, 2011, Danove filed this suit against Miken and Raul Davila alleging that Davila, who was her supervisor, subjected her to sex discrimination and sexual harassment. Miken filed a motion to dismiss or stay the action, and to compel arbitration. Miken contends that Danove signed a broad arbitration agreement on January 14, 2011, as a condition of her employment. Although the document is dated January 14, 2010, Miken claims that Danove mistakenly wrote the wrong year. Danove opposes Miken's motion arguing that she never knowingly signed an arbitration agreement. At her deposition, Danove testified that it is possible for someone to write the wrong year on a document, but that she would not do so on employment related documents, and that she did not sign the arbitration agreement. She also testified that nobody explained the arbitration agreement to her, and that she did not know what arbitration meant.

On April 10, 2012, Danove filed a motion for leave to file her first supplemental and amending complaint in which she sought to add claims of fraud, error, lack of consent, and mistake in connection with the arbitration agreement. Specifically, Danove sought to add the following allegations:

> Plaintiff, Jovan Danove expressly pleads fraud, error, lack of consent and mistake, and that she never with consent knowingly signed or did she consent to sign any arbitration agreement due to:
>
> 1. In support of her allegations of fraud plaintiff states she never signed the arbitration agreement attached hereto as Exhibit A that was stuck in a thick stack of papers she was ordered to quickly sign with several other papers and forms with no explanation whatsoever. This custom and policy of

2

Defendants rushing applicants to sign the agreement was done with other employees.

2. In support of her allegation of fraud petitioner states that she never consented to the arbitration agreement Defendants recently produced and she never knowingly signed it and plaintiff pleads fraud, mistake and error and fraud in rushing her to sign a stack of papers when hired. No one explained the arbitration document in small print or told her she was signing and arbitration agreement and waiving her right to jury trial and any trial.

3. In support of her allegations of error and mistake, plaintiff states when plaintiff was hired no one ever told her she was signing nor ever told her that she had to sign an arbitration agreement as a condition of employment with Milken [sic] Specialties Ltd.

4. In support of her allegations of error and mistake, plaintiff states, no one gave her any employment policy manual for Milken [sic] Specialties Ltd. with a receipt attached nor with an arbitration agreement attached. She pleads plaintiff never received any explanation or training on the sexual harassment, anti-retaliation policy and the arbitration policy.

5. Jovan Danove was asked to sign a stack of papers and rushed along to defraud her to sign a multitude of papers as directed without time to read all the documents and therefore plaintiff pleads in the alternative mistake, misrepresentation suppression of the truth and error even if she did sign the arbitration document.

6. In support of her allegations of lack of consent plaintiff states she did not agree to the terms of the arbitration agreement, no one explained it to her, the print is small and the language is such she does not understand it. And

7. Plaintiff never consent to same agreement knowingly, she could not have it reviewed by an attorney as recommended in

> the agreement she was not allowed to do so and plaintiff did not sign it and denies that is her signature.

8. Plaintiff could not have signed the arbitration form on January 14, 2010, as the bottom of the form states it was "Revised 9/16/2010" which facts plaintiff pleads in support of it allegations of fraud and misrepresentation.

The magistrate judge denied Danove leave to file her proposed first supplemental and amending complaint, finding that such amendment would be futile because Danove did not plead fraud and mistake with particularity as required by Rule 9 of the Federal Rules of Civil Procedure, and the pleading would be subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The magistrate judge found that Danove did not allege any of the elements of fraud, and did not identify what the parties intended or the mistaken result.

On April 27, 2012, Danove filed an appeal of the magistrate judge's April 24, 2012, ruling. She argues that the magistrate judge's ruling is clearly erroneous because she has pleaded that Miken committed fraud by forging her signature. Miken argues that the magistrate judge's ruling was correct because Danove has not pleaded fraud with particularity.

## ANALYSIS

**A.    Danove's Appeal of the Magistrate Judge's April 24, 2012, Order Denying Her Motion for Leave to File Her First Supplemental and Amending Complaint (Doc. #21)**

An order issued by a magistrate judge concerning nondispositive pretrial matters, such as an order on a motion for leave to file an amended complaint, is reviewed by the district court under the

4

clearly erroneous standard. See Perales v. Sasilla, 950 F.2d 1066, 1070 (5th Cir. 1992); 28 U.S.C. § 636(b)(1)(A) (2009).

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's consent or the court's leave. The court should freely give leave when justice so requires." The court has discretion on whether to grant or deny leave to amend. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981). A court may deny leave to amend when the amendment is futile. Stripling v. Jordan Prod. Co., L.L.C., 234 F.3d 863, 873 (5th Cir. 2000). An amendment is futile when the amended complaint fails to state a claim upon which relief can be granted. Id. (citations omitted). In evaluating futility of an amendment, the court applies "the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. (quotations omitted).

To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl., 127 S.Ct. at 1965. The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d

5

584, 587 (5th Cir. 2008). However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 129 S.Ct. at 1949-50.

In her amended complaint, Danove alleges that Miken committed fraud or that there was a mistake regarding the arbitration agreement. She claims that she did not knowingly sign the arbitration agreement because it was presented to her in a large stack of papers, she was not permitted time to read it, could not consult an attorney, and it was not explained to her. She also denies that it is her signature on the document.

Under Rule 9(b), a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "Rule 9(b) does not 'reflect a subscription to fact pleading' and requires only 'simple, concise, and direct' allegations of the 'circumstances constituting fraud,' which after Twombly must make relief plausible, not merely conceivable, when taken as true." U.S. *ex rel* Grubbs v. Kanneganti, 565 F.3d 180, 186 (5th Cir. 2009). "The frequently stated, judicially-created standard for a sufficient fraud complaint . . . instructs a plaintiff to plead the time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what that person obtained thereby." Id. (internal quotation and citation omitted).

The magistrate judge correctly found that Danove did not properly allege fraud or mistake. Danove did not precisely allege the time, place, and contents of any false representation, the identify of the person making such representations, or what that person obtained thereby. Therefore, the decision of the magistrate judge is AFFIRMED.

**B.     Miken Motion to Dismiss or, in the Alternative, to Stay Action Pending Arbitration, and Motion to Compel Arbitration (Doc. #11)**

The Federal Arbitration Act, 9 U.S.C. § 1, et seq., "embodies the national policy favoring arbitration." Buckeye Check Cashing, Inc. v. Cardegna, 126 S.Ct. 1204, 1207 (2006). In determining whether a dispute is referable to arbitration, the court must analyze whether an agreement to arbitrate exists and whether the claim at issue falls within the agreement:

> To ascertain whether the parties have agreed to arbitrate a particular claim, we must determine (1) whether there is a valid agreement to arbitrate between the parties, and (2) whether the dispute in question falls within the scope of that arbitration agreement. In view of the policy favoring arbitration, we ordinarily resolve doubts concerning the scope of coverage of an arbitration clause in favor of arbitration. As a consequence, a valid agreement to arbitrate applies unless it can be said with positive assurance that [the] arbitration clause is not susceptible of an interpretation which would cover the dispute at issue.

Pers. Sec'y & Safety Sys. v. Motorola, Inc., 297 F.3d 388, 392 (5th Cir.2002) (internal citations and quotations omitted). "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit." AT & T Techs., Inc. v. Commc'ns Workers of Am., 106 S.Ct. 1415, 1418 (1986). "Normally, doubts must be resolved in favor of arbitration, but the federal policy favoring arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties or to a determination of who is bound by the arbitration agreement." Am. Heritage Life Ins. Co. v. Lang, 321 F.3d 533, 537-38 (5th Cir. 2003) (quotations and citations omitted). Instead, the court applies "ordinary contract principles" to determine whether there is a valid agreement to arbitrate and who is bound by it. Id. at 538 (citing

Fleetwood Enters. Inc. v. Gaskamp, 280 F.3d 1069, 1073-74 (5th Cir. 2002)). Pursuant to ordinary contract principles, there must be a "meeting of the minds" between the parties for an agreement to be valid. Id. (citing Louisville & N.R. Co. v. Kentucky, 16 S.Ct. 714 (1896); United States v. Barnes, 83 F.3d 934, 938 (7th Cir. 1995)). Under Louisiana law, the consent of both parties is a condition of a valid contract. Lafleur v. Law Offices of Anthony G. Buzbee, P.C., 960 So.2d 105, 112 (La. Ct. App. 2007) (citing LA. CIV. CODE art. 1927). Thus, "[w]here there is no meeting of the minds between the parties, there is no consent, thus no enforceable contract." Bieber-Guillory v. Aswell, 723 So.2d 1145, 1149-50 (La. Ct. App. 1998) (citing LA. CIV. CODE art. 1927).

Danove contends that she did not knowingly sign the arbitration agreement. She points out that the signature on the document differs from other examples of her signature, and that she denies that she would have put the wrong date on the document. She also claims that, if she did sign the document, it was in a large stack of documents that Miken presented to her when she was hired, and nobody explained to her that there was an agreement to arbitrate or what arbitration is. Other employees confirm that they were also presented with such stacks of documents and no explanation of an arbitration agreement. Also, Danove contends that there is no proof that she signed the agreement or that she received a copy of the Miken employee handbook. She points out that Jessica Perez, a human resources employee at Miken, testified at her deposition that she does not remember giving Danove an employee handbook, and that she did not explain the arbitration agreement to Danove because she did not know what it meant and was instructed not to explain the pre-employment paperwork to applicants. Further, Danove argues that signing such an agreement

8

cannot be a condition of employment because there is no arbitration agreement in her accused harasser's employment file, and he is still employed by Miken.

Danove has presented sufficient evidence to indicate that the arbitration agreement may not be valid under ordinary contract principles because she may not have "agreed" to it. See id. at 538-39. Therefore, Miken's motion to compel arbitration is DENIED, and this court will adjudicate the validity of the arbitration agreement.[1]

## CONCLUSION

**IT IS HEREBY ORDERED** that Miken Specialties, Ltd.'s Motion to Dismiss or, in the Alternative, to Stay Action Pending Arbitration, and Motion to Compel Arbitration (Doc. #11) is **DENIED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's April 24, 2012, Order Denying Plaintiff's Motion for Leave to File Her First Supplement and Amending Complaint (Doc. #21) is **AFFIRMED.**

---

[1] Section 4, Title 9 of the United States Code provides, in pertinent part, that "[i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof." The trial may be by jury if the party alleged to be in default of the arbitration agreement makes a jury demand on or before the return day of the notice of application.

New Orleans, Louisiana, this 14th day of June, 2012.

**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**